UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ZHAMIE K RIVERA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:26-cv-674-CMS |
| | ) | |
| DEPARTMENT OF VETERAN AFFAIRS, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon self-represented Plaintiff Zhamie K Rivera's Application to Proceed in District Court Without Prepaying Fees or Costs. ECF No. 2. Having reviewed the Application and the financial information submitted in support, the Court will grant the Application and waive the filing fee. As Plaintiff is now proceeding *in forma pauperis*, the Court must review her complaint under 28 U.S.C. § 1915. Based on such review, the Court will order Plaintiff to file an amended complaint.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a

complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

When reviewing a *pro se* complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Complaint**

On May 4, 2026, Plaintiff filed a civil complaint against the Department of Veterans Affairs (VA). ECF No. 1. She alleges employment discrimination based on Title VII, the Civil Rights Act of 1991, and the Fifth Amendment. *Id*. at 7. For some unknown reason, Plaintiff also includes statutes discussing when a conversation can be legally recorded. *Id*. The conduct

complained of is separated into four claims: (1) discrimination and harassment, (2) failure to address complaints and retaliation, (3) excessive workload, withholding of information, and interference with work completion, and (4) injuries suffered. *Id*. at 8-9. She claims that the discrimination was based on her race, as she was the only black woman among approximately nine employees. *Id*. at 8.

Plaintiff was hired as a Supervisory Instructional Systems Specialist (ISS) at the VA's National Training Center in May 2016. *Id*. Plaintiff states that she was the only ISS employed at that time. *Id*. Her job was to develop a training center and train junior staff, though no junior staff would be hired until 2018. *Id*. She states her supervisor began treating her differently in 2017 through 2019. *Id*. She states that white ISS staff were only assigned one project per year, whereas she was assigned twelve projects per year. *Id*. She also states that she was not allowed to train junior staff. *Id*.

Plaintiff reported feeling harassed in 2018, but there was no investigation or follow-up. *Id*. In January 2019, she filed a complaint with the EEOC for discrimination and harassment. *Id*. In February 2019, her role was changed from a supervisory ISS to a non-supervisory ISS. *Id*. Plaintiff details further incidents of being assigned to projects with unrealistic deadlines and insufficient support, which caused her to fail to complete projects on time. *Id*. at 9.

Finally, Plaintiff includes several paragraphs about the VA failing to follow protocol related to some kind of case against Plaintiff. *Id*. She says she was not informed of her right to reply or her right to an attorney. *Id*. Plaintiff's allegations in this regard are unclear.

For relief, Plaintiff asks for $150,000 in actual damages and $50,000 for emotional and psychological damages. *Id*. at 6.

**Discussion**

After review of the complaint, the Court will direct Plaintiff to file an amended complaint.

**A. Plaintiff must provide her charge of discrimination and right to sue letter**

Plaintiff has not provided the Court with a copy of the charge of discrimination she filed with the EEOC or her right to sue letter. Plaintiff must supplement her complaint by submitting a copy of her charge of discrimination, so that the Court may determine whether the claims in the complaint are like or reasonably related to the claims outlined in her charge. *See Duncan v. Delta Consol. Indus., Inc.*, 371 F.3d 1020, 1025 (8th Cir. 2004). Similarly, she must file her right to sue letter to show she has administratively exhausted her claims. *Id*.

**B. Plaintiff must comply with the Federal Rules of Civil Procedure**

Several portions of the complaint are confusing and do not comply with Federal Rule of Civil Procedure 8, which requires Plaintiff to set forth a short and plain statement of her claim. For example, Plaintiff provides statutes relating to consent to recording a conversation without any explanation for how these statutes are relevant to her case. She also accuses the VA of failure to provide her with necessary information relating to a case that was brought against her but provides no details or facts concerning this case. The timeline Plaintiff provides is also confusing. She states she was the only ISS employed in 2016, and no junior staff were hired until 2018. But she also says that, starting in 2017, she was given a larger workload when compared with two white employees.

Further, Plaintiff alleges she was given work expectations different from those of two white employees, but she fails to state whether the other employees were similarly situated. Plaintiff has the burden of proving that she and the disparately treated white employees were "similarly situated in all relevant respects." *Harvey v. Anheuser-Busch, Inc.*, 38 F.3d 968, 972 (8th Cir. 1994)(internal quotations omitted).

In completing her amended complaint, Plaintiff must follow Rules 8 and 10 of the Federal Rules of Civil Procedure. Her self-represented status does not excuse her from following the Federal Rules of Civil Procedure or the Local Rules of this Court. *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.,* 86 F.3d 852, 856-57 (8th Cir. 1996).

Rule 8 requires Plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise, and direct. Rule 8(a)(2) sets forth a "notice pleading standard" and simply requires "a short and plain statement of the claim showing that the pleader is entitled to relief." "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512 (2002).

Rule 10(b) requires Plaintiff to state her claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. Each count shall then set forth in separate, numbered paragraphs: 1) the relevant facts supporting the claim; 2) the constitutional, statutory, or other right that Defendant violated; and 3) the relief Plaintiff seeks for the claim (for example, money damages or equitable relief). Plaintiff shall follow the same format with respect to each claim. In stating the facts of a claim, Plaintiff must describe the conduct she alleges is unlawful and the date on which such conduct occurred, if known. In other words, Plaintiff must describe the adverse employment action she believes was taken, when it was taken, and why it amounted to discrimination or other unlawful conduct. Plaintiff must explain the role of the Defendant, so that the Defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature

and basis or grounds for a claim.”). Plaintiff must also provide the address of the Defendant. Merely stating the name of the federal agency is insufficient.

The Court will direct the Clerk of Court to provide Plaintiff with an Employment Discrimination Complaint form, and Plaintiff will have 30 days from the date of this Memorandum and Order to file an Amended Complaint on the form provided. The amended complaint must be signed under penalty of perjury and completed in accordance with the instructions provided in the form as well as the instructions provided in this Memorandum and Order. Plaintiff is cautioned that the filing of the amended complaint completely replaces all earlier filed pleadings in this action. Claims that are not realleged are deemed abandoned. *E.g., In re Wireless Tel. Fed. Cost Recovery Fees Litig.,* 396 F.3d 922, 928 (8th Cir. 2005).

Finally, Plaintiff is advised that, by presenting to the Court any pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – self-represented parties and attorneys acknowledge they will be held responsible for its contents, **including any portion generated with artificial intelligence (AI)**. *See* Fed. R. Civ. P. 11(b).

Attorneys and self-represented parties alike must exercise great caution in submitting any AI-generated material in pleadings before the Court. Use of AI without verification of its accuracy, like any other shoddy research method, implicates Federal Rule of Civil Procedure 11, which prohibits the filing of frivolous or unsupported pleadings and sanctions violations.

Attorneys and self-represented parties are therefore on notice that any pleading or form document (AI generated or not) that hallucinates legal citations or propositions or otherwise misstates the law, is not properly reviewed or completed by the filer, or that has not been subjected to an inquiry reasonable under the circumstances pursuant to Rule 11, **will result in the imposition of sanctions**.

**Failure to comply with any part of this Order may result in the imposition of sanctions**, including but not limited to non-monetary directives, an order to pay a penalty into court, an award of reasonable attorney's fees and expenses, striking pleadings, dismissal of the action, entry of default judgment, and restrictions on the admissibility of evidence. *See* Fed. R. Civ. P. 11(c)(4).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff two blank Employment Discrimination Complaint forms. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that within **thirty (30) days** of the date of this Memorandum and Order, Plaintiff shall submit an amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that Plaintiff shall supplement her amended complaint with her charge of discrimination and right to sue letter.

**IT IS FURTHER ORDERED** that, if Plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 31st day of August 2026.

CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE